IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV 29 A 11: 25
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CIVIL ACTION NO. 2:06CV1065-WKW |
| ONE THOUSAND ONE HUNDRED FORTY NINE DOLLARS ($1,149) IN UNITED STATES CURRENCY, | : |
| DEFENDANT. | : |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture <u>in</u> <u>rem</u> alleges:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: One Thousand One Hundred Forty Nine Dollars ($1,149.00) in United States currency (hereinafter, "Defendant currency"), which was seized on June 27, 2006, for violations of Title 18, United States Code, Section 1344 and Title 18, United States Code, Section 1029.

### JURISDICTION AND VENUE

2. The United States bring this action in rem in its own right to forfeit and condemn the Defendant currency under Title 18, United States Code, Section 981(a)(1)(C). This Court has

jurisdiction over this action under Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper in this district pursuant to Title 18, United States Code, Section 1355 and Title 21, United States Code, Section 881(j), because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

4. The Defendant is One Thousand One Hundred Forty Nine Dollars ($1,149) in United States Currency seized on June 27, 2006 from the following individuals: $70.00 from Adlai Clarke; $863.00 from Tabitha Jackson; and $216.00 from Barryre Reese.

## FACTS AND CIRCUMSTANCES

5. The facts and circumstances supporting forfeiture are as follows:

a) On June 27, 2006, an Alabama State Trooper made a traffic stop on a vehicle for speeding. The vehicle was driven by Adlai Clarke (hereinafter, "Clarke"). Passengers in the vehicle were Tabitha Jackson (hereinafter, "Jackson") and Barryre Reese (hereinafter, "Reese"). Upon approaching the vehicle, the Trooper smelled marijuana and subsequently conducted a search. During the search, several checkbooks and ATM debit cards were in plain view. A laptop computer and printer were also found during the search.

b) The occupants of the vehicle were taken into custody for questioning at the Greenville Police Department.

c)   During questioning, Jackson said she knew nothing about the origin of the checks and debit cards, and was just "along for the ride". Jackson further stated that she and Clarke date and were on their way to Pensacola, Florida for a vacation.

d)   Prior to interviewing Reese, an inquiry was made with Washington Mutual Bank regarding two Safe Auto Insurance Company checks. Check No. 176575 was made payable to Rochanda T. Jefferson for the amount of $4,829.66. Check No. 176576 was made payable to Tremendous Lott (hereinafter, "Lott") for the amount of $4,915.00. According to Washington Mutual Bank, both checks were counterfeit.

e)   During his interview, Reese was questioned about the two Washington Mutual Bank checks. Reese stated that "we were just playing around." He was then asked about the identity of Lott. Reese stated that Lott was his girlfriend and he was on his way to Pensacola, Florida to see her. When asked if Clarke knew Lott, he said "no." Reese was then asked to explain why Clarke had a check payable to Lott in his computer bag. Reese offered no explanation.

f)   Reese was also asked about a piece of paper found in his wallet which listed several names, account numbers and personal identifiers. Initially, Reese did not respond. After the agent pointed out that Lott's name and information was on the paper, Reese said that Lott wrote the information on the paper and gave it to him.

g) During Clarke's interview, he was asked about the Washington Mutual checks. Clarke said he manufactured the checks using the computer and printer which were seized from the rental car he was driving. Clarke then stated that he was "just playing around" with a check making program on his computer. When asked about the debit cards which were found in the vehicle, Clarke said that he was "riding around with his cousin and some friends" on June 25, 2006, and the cards were "left" in the vehicle.

h) Inquiries made with AmSouth Bank and Regions Bank revealed that counterfeit checks were deposited at both banks. The inquiries further revealed that proceeds of counterfeit checks (approximately $2,200.00) were withdrawn from an ATM using the debit cards seized from Clarke's rental car. These transactions took place the morning of June 27, 2006.

i) During a search incident to arrest, the personal effects of each suspect were searched. Jackson was in possession of $863.00 genuine cash. Reese was in possession of $216 genuine cash. Clarke was in possession of $70.00 genuine cash. This cash was believed to be obtained from the above ATM transactions and was seized. The vehicle driven by Clarke was stopped on June 27, 2006, a few hours after the ATM transactions.

## CLAIM FOR RELIEF

7. The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 6(i) above.

8. The unlawful bank fraud activity as shown in Paragraph 6 above is an offense giving rise to forfeiture as specified under Title 18, United States Code, Section 981(a)(1)(C).

9. The unlawful access device fraud activity as shown in Paragraph 6 above is also an offense giving rise to forfeiture as specified under Title 18, United States Code, Section 981(a)(1)(C).

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), there is probable cause to believe that the Defendant currency constitutes and is derived from proceeds traceable to a violations of Title 18, United States Code, Section 1344 and Title 18, United States Code, Section 1029 and said Defendant currency is, therefore, subject to forfeiture.

WHEREFORE, the United States of America requests that the Court issue a Warrant and Summons for the arrest and seizure of the Defendant currency; that notice of this action be given to all persons known or through to have an interest in or right against the currency; that the Defendant currency be forfeited and condemned to the United States of America; that the United States of America be awarded its costs and disbursements in this action and, for such other and further relief as this Court deems proper and just.

Respectfully submitted this 29th day of November, 2006.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

_____
John T. Harmon [HAR108]
Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201  (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA          )
COUNTY OF MONTGOMERY      )

### VERIFICATION OF COMPLAINT

I, Kenneth A. Hedgspeth, verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, as well as my investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct on this 29th day of November, 2006.

_____
Kenneth A. Hedgspeth – Special Agent
United States Secret Service

Sworn to and subscribed before me this 29th day of November, 2006.

_____
Notary Public
Commission Expires: 9.23.09

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | CIVIL ACTION NO. 2:06CV1065-WKW |
| ONE THOUSAND ONE HUNDRED FORTY NINE DOLLARS ($1,149) IN UNITED STATES CURRENCY, | : | |
| DEFENDANT. | : | |

## NOTICE OF ARREST AND SEIZURE

Notice is hereby given that the United States of America has filed a Complaint for Forfeiture *In Rem* and the Court has issued Warrant of Arrest *In Rem* for the forfeiture of the Defendant One Thousand One Hundred Forty Nine ($1,149) Dollars in United States Currency, which was seized from Adlai Clarke, Tabitha Jackson and Barryre Reese on June 27, 2006, in Greenville, Alabama.

Any person claiming an interest in the Defendant Currency must file a claim asserting that interest, in the manner set forth in Title 18, United States Code, Section 983(a)(4)(A), such claim must be filed not later than 30 days after the date of service of the Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint.  In addition, any person having filed such a claim shall also file an Answer to the Complaint not later than 20 days after the filing of the claim, and shall serve and file the Claim and Answer to the Verified Complaint with the Office of the Clerk, United States

District Court for the Middle District of Alabama, One Church Street, Montgomery, Alabama 36104, with a copy thereof sent to:

> John T. Harmon
> Assistant United States Attorney
> Office of the United States Attorney
> Middle District of Alabama
> One Court Square, Suit 201 (36104)
> Post Office Box 197
> Montgomery, Alabama 36101-0197
> Telephone: (334) 223-7280.

Additional procedures and regulations regarding this forfeiture action are found at Title 19, United States Code, Sections 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.) Sections 1316.71-1316.81.

All persons and entities who have an interest in the Defendant Currency may, in addition to filing a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

UNITED STATES TREASURY DEPARTMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : CIVIL ACTION NO. 2:06cv1065-WKW |
| ONE THOUSAND ONE HUNDRED FORTY NINE DOLLARS ($1,149) IN UNITED STATES CURRENCY, | : |
| DEFENDANT. | : |

<u>WARRANT AND SUMMONS FOR ARREST IN REM</u>

TO THE UNITED STATES MARSHAL OF THE MIDDLE DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint of Forfeiture has been filed in the United States District Court for the Middle District of Alabama, alleging that the Defendant currency is subject to seizure and forfeiture to the United States pursuant to Title 21, United States Code, Section 981(a)(1)(C), for violations of Title 18, United States Code, Section 1344 and Title 18, United States Code, Section 1029;

And, the Court being satisfied that, based on the Verified Complaint of Forfeiture, there is probable cause to believe that the Defendant currency so described was involved in or traceable to such violations, and that grounds for application for issuance of a warrant of arrest for articles *in rem* exist, pursuant to Supplemental Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims;

YOU ARE, THEREFORE, HEREBY COMMANDED to arrest and seize the Defendant currency and use discretion and whatever means appropriate to protect and maintain said Defendant currency; and,

IT IS FURTHER ORDERED that you shall serve upon all persons known or thought to have an interest in or right against the currency a copy of this warrant and summons and the verified complaint *in rem* in a manner consistent with the principles of service of process of an action *in rem* under the Supplemental Rules For Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure; and,

IT IS FURTHER ORDERED that you publish in the *Montgomery Advertiser* (a newspaper of general circulation in this District), notice to all persons of this action and the procedures to be followed for making a claim as described in this Warrant. You are further authorized in the exercise of your discretion to publish such notice in additional newspapers as you deem necessary; and,

IT IS FURTHER ORDERED that a return of this Warrant and Summons shall be promptly made to the Court identifying the individuals upon whom copies were served and the manner employed; and,

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the Defendant currency shall file a claim asserting that interest, in the manner set forth in Title 18, United States Code, Section 983(a)(4)(A), and such claim must be filed not later than 30 days after the date of service of the

Complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the Complaint, and shall serve and file their answers to the verified complaint within twenty (20) days after the filing of the claim/statement of interest with the Office of the Clerk, United States District Court for the Middle District of Alabama, with a copy thereof sent to Assistant United States Attorney:

>       John T. Harmon
>       Assistant United States Attorney
>       Office of the United States Attorney
>       Middle District of Alabama
>       One Court Square Suite 201 (36104)
>       Post Office Box 197
>       Montgomery, Alabama 36101-0197
>       (334) 223-7280.

Done this the _____ day of _____, 2006.


_____
UNITED STATES DISTRICT JUDGE